**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4443

ARTHUR ANTHONY BAXTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-95-8)

Submitted: April 17, 1997

Decided: May 1, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James R. Fox, JORY & SMITH, L.L.C., Elkins, West Virginia, for
Appellant. William D. Wilmoth, United States Attorney, Sherry L.
Muncy, Assistant United States Attorney, Elkins, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Arthur Anthony Baxter was convicted by a jury of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (1994). On appeal, he alleges the district court erred by allowing into evidence: (1) a note written by Baxter and (2) evidence that Baxter had registered at a hotel under another name. Because we find no reversible error, we affirm.

At trial the Government planned to present witnesses who would identify Baxter as having robbed a bank in Keyser, West Virginia on September 8, 1994. The defense strategy was to present evidence that Baxter, who lived near Baltimore, Maryland, was in Baltimore the day of the robbery. Accordingly, the Government entered into evidence a handwritten note, authored by Baxter, which read:* "Bits [nickname of friend], needed $380. Hope you're happy when I get back Wednesday night." Testimony from the friend showed that the note had been left at his house on Labor Day and that the Wednesday night referred to in the letter was the night before the robbery. The Government also presented evidence that Baxter had registered, under another name, in a motel near Keyser three nights before the robbery.

Baxter alleges that the district court should have granted his motions to exclude the evidence based upon Fed. R. Evid. 403. A district court may exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading. . . ." Fed. R. Evid. 403. We review the district court's evidentiary rulings for a clear abuse of discretion. United States v. Whittington, 26 F.3d 456, 465 (4th Cir. 1994). A district court's Rule 403 decision will not be overturned except under "the

_____

*The redacted portion of the note indicated that money was needed for drugs. The Government voluntarily offered to have this portion redacted.

2

most extraordinary of circumstances, where that discretion has been plainly abused." United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (citations and internal quotation omitted)."Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996) (citation omitted).

We do not find the district court abused its discretion. See Whittington, 26 F.3d at 465. With respect to the note, the Government stipulated that Baxter had $4500 in his savings account at the time of the robbery, so that the jury would not infer that Baxter robbed the bank because he was in need of money because he borrowed $380 from his friend. The note's probative value was substantial because it showed Baxter planned to be in the area the night before the robbery; conversely, the danger of unfair prejudice was minimal. Likewise, evidence that Baxter had stayed in a local motel three nights prior to the robbery again helped establish his whereabouts just prior to the robbery. Although Baxter claims that the evidence showing he registered using a false name was prejudicial to him, such prejudice is hardly unfair because the jury could logically infer that Baxter used an alias to avoid detection because he planned to rob the bank three days later. Fed. R. Evid. 403. Finally, Baxter's claim that this evidence should have been excluded under Fed. R. Evid. 404(b) is simply without merit because the evidence was not offered for the purpose of showing action in conformity with Baxter's character, but rather, to show that he had the opportunity to plan and commit the robbery. See Fed. R. Evid. 404(b).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3